# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: March 16, 2022

Mr. Darius Theriot
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880

Re:  Case No. 21-2596, *Darius Theriot v. Duncan MacLaren, et al*
Originating Case No. 2:18-cv-00102

Dear Mr. Theriot,

The Court issued the enclosed Order today in this case.

Sincerely,

s/Gretchen S. Abruzzo
Case Manager
Direct Dial No. 513-564-7018

cc:  Mr. Gregory E. Crouch
Mr. Thomas Dorwin

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 21-2596

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 16, 2022
DEBORAH S. HUNT, Clerk

DARIUS THERIOT,                                   )
                                                  )
      Plaintiff-Appellant,                        )
                                                  )
v.                                                )
                                                  )  ON APPEAL FROM THE UNITED
DUNCAN MACLAREN, Former Warden, et al.,           )  STATES DISTRICT COURT FOR
                                                  )  THE WESTERN DISTRICT OF
      Defendants,                                 )  MICHIGAN
                                                  )
RUSSELL DEFREITAS, Registered Nurse, et al.,      )
                                                  )
      Defendants-Appellees.                       )

O R D E R

Before:  GUY, SUHRHEINRICH, and MOORE, Circuit Judges.

Darius Theriot, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Theriot filed a complaint against Duncan MacLaren, former warden of the Kinross Correctional Facility (KCF), and the following KCF officials:  Nurse Russell DeFreitas, Correctional Officers Wayne McGuire and Mike Lawson, Sergeant Dale Beaulieu, three unidentified correctional officers, two unidentified supervisors (a lieutenant and a captain), and an unidentified doctor.  Relying on the Eighth Amendment, Theriot asserted that the defendants were deliberately indifferent to his serious medical condition.  Theriot alleged that, on June 30, 2015, he experienced back pain after exercising his back and that, despite taking pain

No. 21-2596
- 2 -

medication, the pain worsened throughout the day.  He notified a correctional officer of his intense pain, the officer called medical services, and Theriot spoke with DeFreitas over the phone, informing DeFreitas of his severe back pain and its onset.  DeFreitas allegedly informed Theriot that the incident was Theriot's fault and that DeFreitas was not authorized to provide treatment because he was a nurse, not a doctor, and he advised Theriot to take more over-the-counter pain medication and a hot shower and to complete a medical kite if necessary.  Theriot followed DeFreitas's advice, but the pain was still unbearable, so he asked another correctional officer to call medical services again.  Because Theriot was in too much pain to speak himself, the correctional officer informed DeFreitas over the phone that Theriot's pain was unbearable and that he thought that he may have taken too much pain medication for one day.  DeFreitas responded that he could not provide any treatment for Theriot and advised him to complete a medical kite.

Around 2:00-3:00 a.m., Theriot collapsed on the hallway floor while trying to reach the bathroom.  A prisoner noticed Theriot and informed correctional officers.  After Beaulieu and several correctional officers responded, Beaulieu allegedly made derogatory comments about Theriot's presence on the hallway floor, prevented a correctional officer from providing Theriot a pillow, instructed correctional officers to issue Theriot a ticket if he was still on the floor at 4:30 a.m., and ignored Theriot's statement that he needed to go to a hospital.  Several prisoners helped Theriot to his cell, where he lay on the floor.  Beaulieu and another correctional officer entered Theriot's cell, placed a medical kite on Theriot's head, and told Theriot to complete it if he needed medical attention.

At 7:00 a.m., Theriot asked a correctional officer to call medical services, the officer did so, and an appointment was made for Theriot for 12:30 p.m.  When Theriot began to cry, the correctional officer called "the yard EMS/ambulance" and Theriot was taken to medical services.  Theriot was seen by medical providers at 7:30 a.m., and, based on the results of a urinalysis, he was transported to a hospital.

No. 21-2596
- 3 -

McGuire and Lawson transported Theriot to the hospital by car, allegedly taking longer than necessary because it was not a direct route.  Theriot spent five days in the hospital and was diagnosed with traumatic rhabdomyolysis.  McGuire and Lawson asked hospital personnel if Theriot could be moved to a room with another prisoner so fewer correctional officers would be required at the hospital; hospital personnel agreed.  McGuire and Lawson allegedly refused to allow Theriot to call his mother and refused to notify her of his hospitalization.

Theriot claimed that MacLaren failed to properly supervise his subordinates regarding his medical condition and respond to and remedy his grievance regarding his medical issue; DeFreitas failed to treat his medical condition; McGuire intentionally took longer than necessary when taking him to the hospital and refused to contact his mother; Lawson allowed McGuire to take the longer route to the hospital and refused to contact his mother; Beaulieu failed to provide medical care for him; unidentified correctional officer #1 placed a medical kite on his head while he was on the floor of his cell; unidentified correctional officers #2 and #3 took no action when they saw him on the hallway floor; the unidentified lieutenant and captain failed to properly supervise their subordinates regarding his medical condition; and the unidentified doctor expressed disapproval of his back exercises and authorized his transportation to the hospital by car rather than by ambulance.  He sought declaratory and monetary relief.

On initial screening, the district court dismissed Theriot's claims against MacLaren and the unidentified lieutenant, captain, and doctor under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), for failure to state a claim for relief.  The remaining defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56(a).  On the recommendation of a magistrate judge and over Theriot's objections, the district court granted summary judgment in favor of DeFreitas, Beaulieu, McGuire, and Lawson and dismissed Theriot's claims against the three remaining unidentified defendants.

Theriot filed a timely appeal.  He challenges the district court's grant of summary judgment in favor of DeFreitas, Beaulieu, McGuire, and Lawson, arguing that disputed facts preclude summary judgment.

No. 21-2596
- 4 -

We review de novo the "district court's grant of summary judgment." *Watson v. Cartee*, 817 F.3d 299, 302 (6th Cir. 2016). Summary judgment is proper when the evidence presented shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law[,]' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Deliberate indifference is a high standard; consequently, medical malpractice, negligent diagnosis or treatment, and mere disagreement with medical treatment are inadequate to state a § 1983 claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017). A claim for denial of adequate medical care has an objective and a subjective component. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). The objective component requires the plaintiff to allege a sufficiently serious medical need. *Id.* The subjective component requires the plaintiff to allege facts showing that the defendant "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* (quoting *Comstock*, 273 F.3d at 703). When the plaintiff alleges a delay in treatment for a medical condition that is minor or not obvious, "the plaintiff must 'place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.'" *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (quoting *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001)). But "[w]here the seriousness of a prisoner's needs for medical care is obvious even to a lay person . . . the delay alone in providing medical care creates a substantial risk of serious harm." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004).

**DeFreitas**

Theriot did not present evidence that could establish a deliberate-indifference claim against DeFreitas.  Theriot's symptoms were relayed to DeFreitas over the phone, DeFreitas assessed those symptoms, and he advised Theriot how to treat them.  When Theriot's condition did not improve, he was transported to a hospital a short time later.

These facts cannot establish the objective component of a deliberate-indifference claim. Theriot essentially disagreed with the treatment that DeFreitas provided and asserted that DeFreitas delayed his access to medical care.  But despite his contention that his back pain was caused by his not-yet diagnosed traumatic rhabdomyolysis, Theriot did not submit medical evidence establishing that his medical condition was an obvious one or that he suffered a detrimental effect from the relatively short delay in treatment.  *See Santiago*, 734 F.3d at 590.

Theriot also failed to present evidence that DeFreitas subjectively perceived facts from which to infer a substantial risk of harm to him, that DeFreitas did in fact draw the inference, and that DeFreitas disregarded that risk.  *See Johnson*, 398 F.3d at 874.  Instead, the evidence shows that DeFreitas made a medical decision that Theriot was not in need of emergency treatment based on DeFreitas's assessment of Theriot's symptoms and determination that his back pain could be treated with over-the-counter medications and heat.  Theriot's disagreement with the treatment that DeFreitas provided is insufficient to support an Eighth Amendment claim.  *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  The district court properly granted summary judgment to DeFreitas.

**Beaulieu**

Theriot did not present evidence that could establish a deliberate-indifference claim against Beaulieu.  Theriot claimed that Beaulieu failed to provide medical care for him when Beaulieu responded after Theriot had collapsed on the hallway floor.  Theriot arguably satisfied the objective component.  When Beaulieu responded after Theriot collapsed on the hallway floor, Theriot informed Beaulieu that he could not move, was experiencing unbearable pain, and

needed to go to a hospital.  He submitted affidavits from prisoners who saw him on the hallway floor in pain.

But Theriot did not satisfy the subjective component.  In his affidavit, Beaulieu stated that he called medical services and was advised by DeFreitas that medical services had already received a call from Theriot and that DeFreitas could not do anything more for him at that time.  DeFreitas confirmed that medical services received a call when Theriot was discovered on the hallway floor.  In response, Theriot swore in his own affidavit that Beaulieu did not call DeFreitas in Theriot's presence.  But that does not refute Beaulieu's statement that the call was made.  "Where, as here, an officer responds to a substantial risk of serious harm by asking for and following the advice of a professional the officer believes to be capable of assessing and addressing that risk, then the officer commits no act of deliberate indifference in adhering to that advice."  *McGaw v. Sevier County*, 715 F. App'x 495, 498-99 (6th Cir. 2017).  The district court properly granted summary judgment to Beaulieu.

**McGuire and Lawson**

Theriot failed to present evidence that could establish a deliberate-indifference claim against McGuire and Lawson.  Theriot claimed that McGuire and Lawson took a longer route and drove slower than necessary to the hospital and refused to allow his mother to be notified of his hospitalization.  McGuire averred that the route taken to the hospital was one of several routes normally taken and that it took about thirty minutes to get to the hospital, and Theriot did not refute McGuire's statement with any evidence.  In any event, Theriot essentially claimed that these defendants delayed his medical treatment, but he did not submit any verifying medical evidence to establish a detrimental effect from the delay.  *See Santiago*, 734 F.3d at 590.  Nor did Theriot present evidence that McGuire and Lawson were aware of a substantial risk of harm to him, that they drew the inference, and that they disregarded that risk.  *See Johnson*, 398 F.3d at 874.  The district court properly granted summary judgment to McGuire and Lawson.

No. 21-2596
- 7 -

**MacLaren and the Unidentified Defendants**

Theriot does not challenge the dismissal of his claims against MacLaren and the six unidentified defendants. The "failure to raise an argument in [an] appellate brief [forfeits] the argument on appeal." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005); *see Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) (concluding that the pro se petitioner-appellant forfeited "any possible challenge to the dismissal" of certain claims by failing to advance "any sort of argument for the reversal of the district court's rulings on [those] matters").

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk